**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re ) | |
| ) | |
| **EMERALD CASINO, INC.,** ) | |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| **DONALD F. FLYNN, KEVIN F. FLYNN,** ) | |
| **JOHN P. McMAHON, JOSEPH P.** ) | |
| **McQUAID, KEVIN D. LARSON,** ) | |
| **WALTER P. HANLEY, and PEER** ) | |
| **PEDERSEN,** ) | |
| ) | |
| Appellants, ) | No. 09 C 3597 |
| ) | |
| v. ) | Judge Rebecca R. Pallmeyer |
| ) | |
| **FRANCES GECKER, not individually** ) | |
| **but solely as chapter 7 trustee for the** ) | |
| **bankruptcy estate of Emerald Casino, Inc.,** ) | |
| ) | |
| Appellee. ) | |

## ORDER

Defendants, seven former officers and directors of Emerald Casino, Inc., move for leave to appeal an interlocutory order entered by the Bankruptcy Court denying their motion to dismiss a complaint brought by Emerald's bankruptcy trustee. The Trustee's complaint accuses the Defendants of various forms of misconduct that put the company into bankruptcy. The court may grant leave to appeal under 28 U.S.C. § 158, which dictates that such appeals "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts." *Id.* § 158(c)(2). For a case to be appropriate for an interlocutory appeal, "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (citing 28 U.S.C. § 1292(b)) (emphasis in original).

Defendants argue that two issues merit the court's consideration in an interlocutory appeal:

(a) whether the bankruptcy court erred in applying the adverse-domination doctrine to hold that the Trustee's claim for breach of fiduciary duty was not time-barred and (b) whether the bankruptcy court should have held that the Trustee's contract claims on behalf of Emerald are barred because the Defendants' alleged misconduct is imputed to Emerald.

The adverse-domination doctrine "tolls the statute of limitations for claims by a corporation against its officers and directors while the corporation is controlled by those wrongdoing officers or directors." *Lease Resolution Corp. v. Larney,* 308 Ill. App.3d 80, 87, 719 N.E.2d 165, 170 (1st Dist. 1999). Defendants ask the court to review the bankruptcy court's application of the doctrine because they believe that they presented "evidence that someone other than the wrongdoing directors had knowledge of the cause of action and both the ability and the motivation to bring suit." *Id.* at 90, 173. Such evidence, if proven, would make the doctrine inapplicable. *Id.* On a motion to dismiss, though, the bankruptcy court is required to take as true the facts in plaintiff's well-pleaded complaint. Thus, this argument is not a legal one that is appropriate for an interlocutory appeal. Whether Defendants' evidence is sufficient to preclude application of the adverse-domination doctrine is a factual question that must be settled on a motion for summary judgment or at a trial. *Hollinger Int'l, Inc. v. Hollinger Inc.*, No. 04 C 698, 2007 WL 1029089, at *6-7 (N.D. Ill. Mar. 29, 2007); *Shapo v. O'Shaughnessy*, 246 F. Supp. 2d 935, 953-54 (N.D. Ill. 2002); *see also Clark v. City of Braidwood*, 318 F.3d 764, 767-68 (7th Cir. 2003) (applying same reasoning to discovery rule).

Defendants also raise another argument against applying the adverse-domination doctrine: they believe that the two-year tolling period of 18 U.S.C. § 108(a) trumps the adverse-domination doctrine. This argument raises a legal question, but the bankruptcy court did not address it, probably because Defendants raised it for the first time in a supplemental brief to which the Trustee did not have an opportunity to reply. In any event, the primary case that Defendants cite in support of their argument actually contradicts it. In *Fehribach v. Ernst & Young LLP*, 493 F.3d 905 (7th Cir.

2007), the Seventh Circuit held that the two-year tolling period of § 108(a) should have been *added* to the tolling period dictated by a state tolling statute. *Id.* at 911-12. That is the opposite of Defendant's contention, that § 108(a)'s tolling supersedes a state tolling statute. Thus, this issue is not an appropriate question for an interlocutory appeal.

The final issue raised by Defendants is a novel application of the imputation doctrine, under which the Trustee's suit, filed on behalf of Emerald, would have to be dismissed because the acts that defendants allegedly committed as officers and directors of Emerald would be imputed to Emerald. Although the Defendants insist that this application of the imputation doctrine is supported by *Cenco Inc. v. Seidman & Seidman*, 686 F.2d 449 (7th Cir. 1982), they do not provide a pincite. *Cenco* does contain approval of a jury instruction that "the acts of a corporation's employees are the acts of the corporation itself," but only in the context of a corporation's claim against its auditor for failing to uncover fraud. *Id.* at 454, 456. Defendants fail to cite a single case supporting the argument that a company's claim against its own former directors and officers whose alleged misconduct put the company into bankruptcy is barred because that misconduct is imputed to the company itself. Indeed, this argument has been rejected repeatedly. *Floyd v. Hefner*, 556 F. Supp. 2d 617, 657-58 (S.D. Tex. 2008) (collecting cases).

For all these reasons, Defendant's Motion for Leave to Appeal [1] is denied.

ENTER:

Dated: November 3, 2009

_____
REBECCA R. PALLMEYER
United States District Judge